IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALEIGH BRITTON,

                Plaintiff,

v.                                                                                            ORDER

CAROLYN COLVIN,[1]                                                  20-cv-1112-jdp
Acting Commissioner of Social Security,

                Defendant.

---

This is an action for judicial review of the Social Security Administration's denial of Raleigh Britton's application for disability benefits. After the parties stipulated to a remand, Britton received a favorable decision from the commissioner.

Curtiss Lein, counsel for Britton, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 24. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Counsel represents that 25 percent of past benefits awarded is $18,726.25, and he requests approval for the full 25 percent in accordance with his contingency fee agreement.[2] He previously received $4,637.69 in fees under Equal Access to Justice Act (EAJA) and $7,083 from the administrative

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

[2] The documents from the agency submitted by counsel do not state the total amount of past benefits awarded to Britton, only the amount held in reserve for fees. *See* Dkt. 26-3. But the parties appear to agree that the amount held in reserve represents 25 percent of the total.

law judge (ALJ). He asks that the fees from the ALJ be subtracted from the amount awarded and that he refund the EAJA fees to Britton, which would result in an award of $11,643.25.[3]

In assessing a fee for reasonableness, "a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024).

The court finds no reason to award Lein less than the full contingent fee amount that he and Britton agreed to. Neither Britton nor the commissioner has objected to the motion, it's undisputed that Lein is an experienced attorney who achieved good results for his client, and there's no evidence that the effective hourly rate ($770) dramatically exceeds that charged by other attorneys in the field. So the court will approve a representative fee in the gross amount of $18,726.25. In accordance with the court's past practice, the court will allow counsel to retain both the EAJA award and the ALJ award, and the court will subtract both fees from the amount awarded in this order.

ORDER

1. Curtiss Lein's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 26, is GRANTED.

---

[3] At one point in his brief, counsel request $11,726.75, but that appears to be a typographical error. Dkt. 26, at 2.

2. The court approves representative fees under § 406(b) in the gross amount of $18,726.25.

3. Counsel may retain the $4,637.69 previously awarded in EAJA fees and the $7,083 previously awarded by the ALJ in partial satisfaction of the § 406(b) award.

4. The net amount of $7,005.56 shall be disbursed by the commissioner from any of Britton's past-due benefits being withheld and in accordance with agency policy.

Entered January 16, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge